PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. SCOTT LEE KIMBALL            Docket Number: 03-cr-00023-MSK

**Petition for Issuance of Arrest Warrant for Violation of Supervised Release**

COMES NOW, Gary W. Phillips, probation officer of the court, presenting an official report upon the conduct and attitude of Scott Lee Kimball who was placed on supervision by the Honorable Marcia S. Krieger sitting in the court at Denver, Colorado, on the 1st day of December, 2003, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall continue in his current course of mental health treatment until released by the treating physician. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment. The Probation Officer shall have no role in determining the length or duration of treatment

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 3rd day of February, 2006, and ordered filed under seal and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Gary W. Phillips |
| | Gary W. Phillips<br>Senior Probation Officer |
| s/Marcia S. Krieger | |
| Marcia S. Krieger<br>United States District Judge | Place: Denver, Colorado |
| | Date: February 2, 2006 |

Attachment

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of supervised release signed by the defendant on December 1, 2003, and February 6, 2004, acknowledging that the conditions have been read to him, that he fully understood the conditions, and that he had been given a copy of them. The term of supervised release commenced on December 1, 2003.

The defendant has committed the following violation of supervised release:

1. **FAILURE TO REPORT TO THE PROBATION OFFICER AS DIRECTED:**

On or about January 20, and January 24, 2006, the defendant was directed to report to the probation officer on January 23, and January 27, respectively, and he failed to so report, which constitutes a Grade C violation of probation.

This charged is based on the following facts:

On January 18, 2006, I called the defendant's cell number and the number was disconnected. On January 20, 2006, I conducted a home visit to the defendant's residence at 12632 Flagg Drive, Lafayette, Colorado, and left a business card on his door instructing him to call me on January 23, 2006, to schedule an office visit that date. The defendant failed to call or report in person as directed. On January 24, 2006, I mailed a certified letter to the defendant's residence instructing him to report on January 27, 2006, at 10:00 a.m. The defendant failed to report as directed.

2. **FAILURE TO NOTIFY OFFICER OF CHANGE IN RESIDENCE:**

On or about January 13, 2006, the defendant moved from his residence at 12632 Flagg Drive, Lafayette, Colorado, and failed to notify the probation officer of this change 10 days prior to the move, which constitutes a Grade C violation of probation.

This charged is based on the following facts:

On January 24, 2006, I spoke with the defendant's estranged wife, Lori Kimball, who had been residing with the defendant at 12632 Flagg Drive, Lafayette, Colorado. She told me the defendant left the residence on January 13, 2006, and she has not seen him since. She also said that three Lafayette Police Department Officers came by their residence looking for the defendant on January 13, 2006, therefore, she does not believe he will return to the residence. On February 2, 2006, I again contacted the defendant's estranged wife who told me that he has not returned to the above-referenced residence since January 13, 2006. The defendant's whereabouts are currently unknown.

3. **LEAVING THE DISTRICT WITHOUT PERMISSION:**

On or about November 18, 2005, the defendant left the District of Colorado and traveled to the Central District of California without permission of the probation officer or the court, which constitutes a Grade C violation of probation.

This charged is based on the following facts:

On November 21, 2005, I called the defendant's cell phone and instructed him to report to the Probation Office on November 22, 2005. The defendant reported to the Probation Office on November 22, 2005, and said that he knew why I had instructed him to report this date. He advised that he told his estranged wife, Lori Kimball, that he was going to California with his girlfriend for the week of Thanksgiving, knowing she would call the Probation Officer in an attempt to get him in trouble. Without prompting, the defendant provided two receipts from stores in the Denver area dated November 21, 2005, to try to convince me that he was actually in the Denver area. After the defendant left my office I contacted the Bureau of Immigration and Customs (BICE) at Denver International Airport who confirmed that he had purchased a round-trip airline ticket leaving Orange County, California, at 1750 hours on November 21, 2005, en route to Denver, Colorado. I also confirmed with BICE that the defendant was on the return flight from Denver to Orange County, California, which left Denver on November 22, 2005, at 1750 hours.

I was not able to confront the defendant regarding his unauthorized travel out the District until December 28, 2005, due to his involvement in a car accident earlier in the month.  The defendant reported to the Probation Office on December 28, 2005, and admitted to traveling during Thanksgiving week (2005) to his brother's residence in California.  The defendant said that he made an impulsive decision to travel without first getting permission from me to travel.  The defendant also noted on his November 2005, monthly supervision report that he submitted on December 28, 2005, that he had traveled out of District without permission.