IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 03-cr-00023-MSK

UNITED STATES OF AMERICA

    Plaintiff,

v.

SCOTT KIMBALL,

    Defendant.

## ORDER OF DETENTION

    THIS MATTER came before the Court for a detention hearing on March 30, 2006. Present were the following: William Taylor, Assistant United States Attorney, Robert Berger, counsel for the defendant, and the defendant. The Court reviewed the entire case file and considered the comments of counsel.

    The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

    DATED and ENTERED this 30th day of March, 2006.

    By the Court:

    s/ Craig B. Shaffer
    Craig B. Shaffer
    United States Magistrate Judge

United States v.  Scott Kimball
Case Number 03-cr-00023-MSK

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

This matter comes before the court on a Petition for Issuance of Arrest Warrant for Violation of Supervised Release.  The Petition alleges that on December 1, 2003, the defendant was placed on supervision by District Judge Kreiger, with the special condition that the defendant shall continue in his current course of mental health treatment until released by the treating physician.

During a hearing on March 30, 2006, the defendant waived his right to a preliminary hearing under Rule 32.1 of the Federal of Criminal Procedure, and did not present any information relating to the issue of detention.  The defendant, through counsel, also advised the court that he was not contesting the government's request for detention.  Based upon the facts alleged in the Petition and in light of the defendant's waiver, the court finds that probable cause exists to believe that the defendant violated one or more conditions of his release.

Under Rule 32.1, the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings.  The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [defendant]."

In making my findings of fact, I have taken judicial notice of the information set forth in the Petition for Issuance of Arrest Warrant, and the entire court file.  I further note the defendant's decision not to contest detention at this time.  Weighing all of the information presently before the court, I find that defendant has failed to sustain his burden under Rule 32.1.  I specifically note that the Petition indicates that the defendant failed to report to his supervising officer when directed and further failed to notify the supervising officer of a change in his residence.  Based upon the latter violation, the supervising officer was unable to ascertain the defendant's whereabouts.  The Petition also alleges that the defendant left the District of Colorado without prior permission on November 21, 2005 and failed to disclose that travel to the supervising officer for approximately 30 days.  Given the defendant's apparent failure to comply with the conditions of supervised release imposed by the District Court, I find there is no combination of conditions that I could set that would properly assure the defendant's appearance at further proceedings in this case.