1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-CR-23

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SCOTT LEE KIMBALL,

    Defendant.

_____

**SEALED REPORTER'S TRANSCRIPT**
(Continued Sentencing Hearing)

_____

      Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 9:05 a.m., on the 29th day of September, 2003, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

      WILLIAM TAYLOR, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

      KENNETH EICHNER, Attorney at Law, 1776 Lincoln Street, Suite 1010, Denver, Colorado, 80203, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Paul Zuckerman, 1929 Stout Street, P.O. Box 3563, Denver, Colorado, 80294, (303) 629-9285

1       (In open court at 9:05 a.m.)

2           *THE COURT:*  Please be seated.

3       Good morning.

4       The Court is convened this morning in Case
5  No. 03-CR-023.  This is encaptioned the United States of
6  America vs. Scott Lee Kimball.  The matter is set down for
7  sentencing, having been continued from July 14, 2003.  Could I
8  have entries of appearance, please.

9           *MR. URBANIAK:*  Good morning your Honor.  Joseph T.
10 Urbaniak, Jr., Assistant United States Attorney, appearing on
11 behalf of the Government.

12          *THE COURT:*  Thank you.

13          *MR. EICHNER:*  Good morning, your Honor.  Kenneth
14 Eichner of the Eichner law firm on behalf of the defense.
15 Mr. Kimball is present today.

16          *THE COURT:*  Counsel, I can't hear you when you don't
17 speak into the microphone.

18          *MR. EICHNER:*  Good morning, your Honor.  Kenneth
19 Eichner on behalf of Mr. Kimball, who is here today.

20          *THE COURT:*  Thank you.  All right.

21      I have a motion that was filed September 25 seeking to
22 continue this sentencing for a second time.  In reading the
23 motion, it is identical to the prior motion that was filed with
24 regard to the July hearing with the exception of one sentence:
25 "Moreover, the defendant now wants to call witnesses at the

1  next sentencing hearing."  Actually, two sentences.  And the
2  next sentence is that "U.S. Attorney Urbaniak is out of town,"
3  but I assume that defendant then meant that he anticipated that
4  there wouldn't be any objection to the motion.
5            Let's hear argument on the motion.
6            *MR. EICHNER:*  May I address the Court?
7            *THE COURT:*  Please.
8            *MR. EICHNER:*  Your Honor, I can't apologize enough for
9  my negligence in making sure everything was lined up for
10 sentencing today, but I will -- I'd like to explain to the
11 Court that there have been a number of factors that I just
12 haven't been able to control.  These proceedings are sealed, so
13 I feel more comfortable in telling you a little more of what's
14 going on.
15           Mr. Kimball is working with the FBI, who is present
16 today, on a very, very important case.  It's a -- involves
17 another individual the Department of Justice is prosecuting,
18 who we have very good reason to believe that -- had a witness
19 knocked off.  And this isn't just another case where
20 Mr. Kimball is trying to penetrate some, you know, drug
21 organization.  This is a major, major case.  And in order to
22 gain more information for the Department of Justice to
23 successfully pursue this case, Mr. Kimball has had to proceed
24 very cautiously and under the supervision of the FBI, sometimes
25 wearing listening devices.

1       As the Court knows, the FBI has more than one case.
2  And sometimes there will be a time set up for him to do what he
3  needs to do; and there will be another emergency, and the FBI
4  will have to, for lack of a better expression, turn this off
5  for a couple weeks and then turn it back on.
6       Then we're dealing with another factor that's
7  difficult to control.  That is the target's nervousness and
8  reluctance and sometimes sort of checking Mr. Kimball out.  At
9  one point, the FBI supplied him with some money to move, and he
10 has changed residences.  And there is sort of a bonding process
11 going on between him and the target.
12      I submit to the Court that the U.S. Attorney's office
13 and the Federal Bureau of Investigation wouldn't be, you know,
14 involved in this unless it was a substantial case.  And so
15 there has been factors that have been difficult for me to
16 control.
17      *THE COURT:*  Just a minute.
18      *MR. EICHNER:*  Go ahead.
19      *THE COURT:*  This matter is to be sealed.  Would you
20 please inquire as to --
21      *THE COURTROOM DEPUTY:*  It's the marshal.
22      *THE COURT:*  Thank you.  All right.  Would you please
23 lock the doors.
24      *MR. EICHNER:*  Thank you, your Honor.
25      So I'm sure the -- Again, I apologize to the Court,

1   because it was set for sentencing today.  And I know the Court
2   has a busy docket and would like to have resolved it today; but
3   the work he's doing is also important.  And for those
4   reasons -- and he would like to call one or two witnesses.  I'm
5   sure we're going to call an FBI witness to fully inform the
6   Court of everything he's done --
7           *THE COURT:*  Counsel, I only hear witnesses on disputed
8   issues of fact.
9           *MR. EICHNER:*  Okay.  Very well.
10          *THE COURT:*  So if there are disputed issues of fact
11  between the Government and the defense, I'm happy to hear
12  testimony; but we do not hear testimony on things that are not
13  disputed.
14          *MR. EICHNER:*  I understand.  And so we'll put it in a
15  letter form and submit it to Mr. Merlo.
16          *THE COURT:*  That's fine.
17          *MR. EICHNER:*  Thank you kindly.
18          *THE COURT:*  Thank you.
19          Mr. Urbaniak?
20          *MR. URBANIAK:*  Your Honor, I discussed this matter as
21  recently as a few minutes ago with the FBI agent to whom
22  Mr. Eichner is referring, Special Agent Carl Schlaff; and he
23  has indicated that his agency would like a little more time to
24  work with the defendant.  Mr. Eichner and I anticipated that
25  the Court might ask:  Well, how long are you asking for?

| | |
|---|---|
| 1 | *THE COURT:* That's the next question. |
| 2 | *MR. URBANIAK:* And this is -- 90 days should be |
| 3 | sufficient.  That's what I'm told by the FBI agent. |
| 4 | *THE COURT:* Mr. Urbaniak, why is it necessary to delay |
| 5 | the sentencing decision for 90 days?  I understand that this |
| 6 | defendant may be needed in a pending investigation; but to the |
| 7 | extent that what we're looking at is the availability of the |
| 8 | defendant to participate, that does not require a delay in this |
| 9 | sentencing determination, so why is it we need to delay the |
| 10 | sentencing determination? |
| 11 | *MR. URBANIAK:* Well, from the defendant's perspective, |
| 12 | he'd probably like to have more of an opportunity to |
| 13 | corroborate what he has told the FBI.  And frankly, from my |
| 14 | perspective, the Government's perspective, I would like a |
| 15 | little more corroboration of what he has told the FBI and that |
| 16 | is, you know, to let this thing go on a little further.  So I |
| 17 | might be inclined to file a 5K1.1, which in the plea agreement |
| 18 | said that I would evaluate it and then in the Government's |
| 19 | discretion would consider the filing of one. |
| 20 | *THE COURT:* All right.  Then let me ask you this |
| 21 | question and make sure that I understand the Government's |
| 22 | position:  How much time do you need to evaluate whether you're |
| 23 | going to file a 5K1.1 motion? |
| 24 | *MR. URBANIAK:* Probably 60 days. |
| 25 | *THE COURT:* So the 90-day figure is to -- for the |

1  defendant to complete whatever he's doing with regard to this
2  investigation.  Is that right?
3          *MR. URBANIAK:*  Yes, your Honor.
4          *THE COURT:*  And 60 days is the amount of time you need
5  to evaluate what he's done to determine whether you will file
6  the 5K1.1?
7          *MR. URBANIAK:*  Yes your Honor.
8          *THE COURT:*  Is that fair?
9          *MR. URBANIAK:*  That's fair, your Honor, because there
10 was a meeting actually as recently as last Thursday, I am told.
11 And I was out of town.
12         *THE COURT:*  All right.  So if I understand the
13 Government's position correctly, a sentencing date sometime
14 between 60 and 90 days would work for the Government.
15         *MR. URBANIAK:*  Yes, your Honor.
16         *THE COURT:*  Anything else you want me to know?
17         *MR. URBANIAK:*  No, your Honor.  Thank you.
18         *THE COURT:*  Thank you.  Reply.
19         *MR. EICHNER:*  Nothing, your Honor.
20         *THE COURT:*  All right.  For some reason -- and maybe
21 it's just because it hasn't come to me, I don't have a
22 presentence report.  Has one been prepared?
23         *THE PROBATION OFFICER:*  Yes, your Honor, a presentence
24 report was prepared.  I don't know why the Court does not have
25 the presentence report.

| | |
|---|---|
| 1 | *THE COURT:* Can I get another copy? |
| 2 | *THE PROBATION OFFICER:* Yes, ma'am. |
| 3 | *THE COURT:* Thank you. I appreciate it. |
| 4 | All right. |
| 5 | Before the Court is a motion to continue the |
| 6 | sentencing in this matter. I note that the motion to continue |
| 7 | the sentencing was not filed with a request for sealing of the |
| 8 | motion, and as a consequence it has not been sealed. And I |
| 9 | remind Mr. Eichner that every document that you want to have |
| 10 | sealed, you need to file a motion requesting that in accordance |
| 11 | with the Court's local rules; otherwise, what happens is that |
| 12 | the clerk treats it as a normal pleading. Now, in this case, |
| 13 | that's probably not harmful. |
| 14 | And the Court will direct the clerk to seal the motion |
| 15 | to continue the sentencing and to seal the minutes of this |
| 16 | proceeding, just as we closed the courtroom this morning. |
| 17 | I am not fond of last-minute requests for continuance, |
| 18 | and that's not because the Court has a busy calendar. I'm |
| 19 | going to be here every day, and there is plenty to keep me busy |
| 20 | every day, all day. The reason is because there are |
| 21 | substantial resources that are consumed every time we get |
| 22 | together for hearing: defense resources, prosecution resources, |
| 23 | court resources, probation resources; and it is an inefficient |
| 24 | use of the taxpayers' dollar to wait until the last minute to |
| 25 | ask for a continuance and then all come over to court so that |

```
 1  we can talk about the motion.
 2          I fully appreciate and understand that the defendant
 3  in this case is cooperating with the FBI and that he believes
 4  that based on such cooperation the Government may file a 5K1.1
 5  motion for a downward departure based on cooperation.
 6          We're not going to go on much longer.  The plea
 7  agreement in this case was accepted on March 10, 2003.  It's
 8  been more than six months since that plea has been accepted.
 9  There has been adequate time to prepare a presentence report,
10  and I understand one has been prepared.
11          I appreciate that the Government would like a little
12  more time to evaluate whether or not a 5K1.1 motion will be
13  filed.  I appreciate that the FBI may need the cooperation of
14  the defendant for some time after the sentencing hearing.  We
15  can deal with that at the time of the sentencing hearing; but
16  we are not going to postpone this sentencing hearing anymore.
17          I will grant the motion, and we will reset the
18  sentencing hearing.  This will be the last time, however, it is
19  reset; and because it will be the last time, I anticipate we
20  won't have a last-minute motion for continuance.
21          Do you have your calendars available?
22          MR. EICHNER:  Yes, your Honor.
23          MR. URBANIAK:  Yes, your Honor.
24          THE COURT:  Are you available on December 1?
25          MR. URBANIAK:  Yes, your Honor.
```

```
 1              MR. EICHNER:  Yes, your Honor.
 2              THE COURT:  All right.  Mr. Urbaniak, will that give
 3   you sufficient time to evaluate whether or not -- it's just 60
 4   days.
 5              MR. URBANIAK:  It will.  I believe it certainly will.
 6   It should.
 7              THE COURT:  All right.  Because you'll need to file
 8   that motion in advance of the sentencing hearing.
 9              All right.  We will set sentencing in this matter for
10   11:00 a.m. on December 1, 2003.  The defendant's bond is
11   continued over until that date.
12              Mr. Kimball, I remind you that you need to be present.
13              THE DEFENDANT:  Yes, your Honor.
14              THE COURT:  Do we have objections that have been made
15   to the presentence report?
16              THE PROBATION OFFICER:  Yes your Honor.  Objections --
17   actually, your Honor there were no objections filed to the
18   presentence report.  The probation department prepared an
19   addendum replete with information regarding restitution.
20              THE COURT:  Okay.  But we don't have any objections.
21              THE PROBATION OFFICER:  That's correct your Honor.
22              THE COURT:  The parties don't intend to file
23   objection?
24              MR. URBANIAK:  I don't anticipate it from the
25   Government's standpoint, your Honor.
```

1         *MR. EICHNER:*  Your Honor, there are a couple things.
2    There was an addendum that just came on September 18, and I
3    began a felony trial in Boulder, and I'm going to through some
4    of those.  I'll file one immediately.
5         *THE COURT:*  All right.  Well, the addendum, I
6    understand, is not addressing prior objections.  Is that
7    correct?
8         *MR. EICHNER:*  We have just a couple of objections that
9    will be filed.
10        *THE COURT:*  We're not speaking the same language.
11   There were no earlier objections.  Is that correct?
12        *MR. EICHNER:*  That is correct.
13        *THE COURT:*  So the only objections that you will have
14   is to the addendum that has been prepared; is that correct?
15        *MR. EICHNER:*  It is indeed, your Honor.
16        *THE COURT:*  All right.  You have ten days.
17        *MR. EICHNER:*  Thank you.
18        *THE COURT:*  All right.  Is there any other matter we
19   need to deal with today?
20        *MR. URBANIAK:*  No, your Honor.  Thank you.
21        *MR. EICHNER:*  That's all for the defense.  Thank you.
22        *THE COURT:*  And how about for probation?
23        *THE PROBATION OFFICER:*  I believe that's all.
24        *THE COURT:*  All right, then.  This matter will be
25   continued until -- as I've indicated, until December 1, 2003;

1  and the minutes should reflect that they are sealed.
2          Thank you.  We will stand in recess.
3      (Recess at 9:22 a.m.)
4                    *  *  *  *  *
5                  **REPORTER'S CERTIFICATE**
6    I certify that the foregoing is a correct transcript from
7  the record of proceedings in the above-entitled matter.  Dated
8  at Denver, Colorado, this 23rd day of May, 2008.

10                                  *S/Paul A. Zuckerman*
                                     Paul A. Zuckerman