IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 03-CR-00023-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SCOTT LEE KIMBALL,

    Defendant.

_____

**SEALED REPORTER'S TRANSCRIPT**
(Hearing Re Supervised Release)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 9:54 a.m., on the 15th day of October, 2004, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    WILLIAM TAYLOR, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    KENNETH EICHNER, Attorney at Law, 1776 Lincoln Street, Suite 1010, Denver, Colorado, 80203, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Paul Zuckerman, 1929 Stout Street, P.O. Box 3563, Denver, Colorado, 80294, (303) 629-9285

1        (In open court at 9:54 a.m.)

2            THE COURT:  Please be seated.  Good morning.

3            We're convened this morning in Case No. 03-CR-0023.

4   This is encaptioned the United States of America vs. Scott Lee

5   Kimball.  The matter is set down for a law and motion hearing

6   on the Government's motion regarding supervised release.  The

7   Court has had an opportunity to review that motion.  Contained

8   in the motion is a statement that the defendant's probation

9   officer opposes this motion.  That's why I set this matter down

10  for a hearing.

11           Could I have entries of appearance, please.

12           MR. TAYLOR:  Good morning, your Honor.  William

13  Taylor, Assistant U.S. Attorney, for the Government.  With me

14  at the table is Agent Carl Schlaff of the FBI.

15           THE COURT:  Thank you.

16           MR. EICHNER:  Kenneth Eichner of the Eichner law firm

17  on behalf of Mr. Kimball, although I haven't been appointed;

18  but I'm here gladly.

19           THE COURT:  Thank you.  Is there a reason that

20  Mr. Kimball is not here?

21           MR. EICHNER:  I have no idea.

22           MR. TAYLOR:  If I may, your Honor, I have no idea that

23  Mr. Kimball is even aware of the setting.  I just don't know

24  whether anybody informed him about that.  I only found out

25  about the hearing on Wednesday or realized what the purpose of

1  it was.

2         As the Court can tell from the pleadings, I've taken

3  Mr. Troyer's place on this as he's left the office.  I told

4  Agent Schlaff yesterday afternoon, so I don't think anybody has

5  had a chance to communicate with Mr. Kimball from the

6  Government's side.  And I don't think Mr. Eichner, actually

7  being appointed as his counsel, understood that there was any

8  obligation for him to do that.  None of us, I don't think, has

9  spoken with Mr. Phillips from probation.  So I think that's

10  where we are, your Honor.  It's a regrettable state of affairs,

11  but that is the state of affairs.

12         *THE COURT:*  Okay.  And from the probation department?

13         *PROBATION OFFICER THOMAS MEYER:*  Well, I'm not the

14  defendant's supervising officer; but I did communicate with

15  Mr. Phillips, who is assigned to supervise Mr. Kimball, just

16  minutes ago.  And Mr. Phillips indicated that he had spoken

17  with the defendant on Tuesday.  And at that point, neither

18  Mr. Phillips nor the defendant knew anything about today's

19  hearing.  In fact, Mr. Phillips communicated to me that he

20  wasn't aware of today's hearing.

21         *THE COURT:*  Well, the certificate of service shows

22  delivery to Mr. Troyer, the United States Marshal, Gary

23  Phillips of the probation department, and the Kenneth Eichner

24  Law Firm.  That certificate of service is dated October 5,

25  2004.  Hard for me to believe people don't know what's going

 1   on.  It may be they never received the notice, but it looks

 2   like it was sent to the right people.

 3         *MR. TAYLOR:*  If the Court wants to hear anything, I'm

 4   happy to amplify about it.

 5         *THE COURT:*  Well, I'm concerned that we don't have

 6   Mr. Kimball here and I'm also concerned that we don't have

 7   Mr. Phillips here.  I don't know how we can go forward on this

 8   particular motion without having those individuals here.  I

 9   think Mr. Kimball has a constitutional right to be here, and I

10   certainly need to hear what Mr. Phillips' objection is.

11         When I set these hearings I'm always anticipating that

12   the people who are involved will be here.  And if there is

13   question about whether you should be here, perhaps the thing to

14   do is to contact chambers and see whether or not you need to

15   show up.

16         I would ask that you advise Mr. Phillips that he may

17   want to check.  Interestingly, on the certificate of service of

18   the notice of this hearing, his name is in bold.  It's the only

19   name that's in bold, which suggests to me, since it was marked

20   as "delivery," that something was delivered to the probation

21   office with his name on it.  He may want to check and see why

22   he's not getting, if he's not, the things that he needs to be

23   getting.  But we at least went to the effort of trying to find

24   out who the right person was to get it to and indicating that

25   on the certificate of mailing.

1          Mr. Eichner, what's your position with regard to the

2     participation by the defendant here?

3          MR. EICHNER:  I'll be more than happy to work with the

4     agent and Mr. Taylor to inform him to be here if this is reset,

5     but I agree with the Court:  He has a constitutional right to

6     be here, and I feel uncomfortable waiving it without talking to

7     him.

8          THE COURT:  Okay.  So we're going to need to reset

9     this.  Everybody got their calendars?

10         MR. EICHNER:  I do.

11         THE COURT:  I set this down for a law and motion

12    hearing because I really anticipated it probably wouldn't take

13    more than about 15 minutes.  Am I accurate in that assumption?

14         MR. TAYLOR:  As far as I'm concerned, your Honor.

15         MR. EICHNER:  I concur.

16         THE COURT:  And for the probation department?

17         THE PROBATION OFFICER:  I would estimate that would be

18    appropriate.

19         THE COURT:  Ms. Nelson, would you tell us when we've

20    got time for another hearing?

21         THE COURTROOM DEPUTY:  We have time on October 29 at

22    8:00 a.m.

23         THE COURT:  We're going into a three-week jury trial

24    and we're looking at either 8:00 time periods or 4:00 time

25    periods.

1        *THE COURTROOM DEPUTY:*  Or 4:00 that day.

2        *THE COURT:*  On the 9th.  Does that work for everybody,

3  either 8:00 or 4:00 that day?

4        *MR. TAYLOR:*  That's fine for the Government.  Either I

5  or Mr. Urbaniak will be here.  We will be covered.

6        *THE COURT:*  I think you all can cover for each other

7  very nicely.  And you need not file any extra entry of

8  appearance.

9        *MR. TAYLOR:*  Thank you, your Honor.  Mr. Urbaniak, as

10  the Court knows, needs additional cover.

11        *THE COURT:*  But I'm not sure paper will do.

12        Will that work for the probation?

13        *PROBATION OFFICER THOMAS MEYER:*  , yes.

14        *THE COURT:*  Do you have Mr. Phillips' schedule?

15        *THE PROBATION OFFICER:*  I do not, but I will

16  communicate it to him immediately after the hearing.

17  October 29, 8:00.

18        *THE COURT:*  Will that work for you, Mr. Eichner?

19        *MR. EICHNER:*  Yes.

20        *THE COURT:*  All right.  We'll continue this hearing,

21  then, to October 29, 8:00 a.m.

22        Now, the minutes will reflect this.  We'll be happy to

23  send a copy of these minutes to the Marshal's Service; but

24  beyond that, you're going to have to work to get Mr. Kimball

25  here at that time.

1        MR. TAYLOR:  If I may your Honor, just two

2   housekeeping points.

3        THE COURT:  Sure.

4        MR. TAYLOR:  Your Honor, given that the motion was

5   filed under seal and given the sensitivity of the subject

6   matter in the motion, could I ask that if, when the matter

7   appears on the docket, that there be a sort of opaque heading?

8   I mean I know the Court is familiar with the nature of the

9   request, obviously.  I am somewhat concerned about public

10  notice as to the subject matter of the hearing.

11       THE COURT:  Well, that raises really interesting

12  problem we have in this case.  I issued an order on

13  September 23, 2004, authorizing the sealing of certain motions,

14  but it didn't seal this.  And moreover and more importantly, I

15  don't have a separate motion to seal this.  But in conjunction

16  with that, I have been rather puzzled by the standard form

17  motion to seal that the U.S. Attorney's office has been using.

18  That motion requests that the Court issue an order sealing the

19  attached motion, the Government's motion to seal, the order to

20  seal, and any other order issued by the Court.

21       Now, the problem with that is it's sealing too much,

22  and I -- I'm concerned that we be precise in what it is

23  sealing.  If there is sensitive material that properly should

24  be sealed, we'll seal it; but there are a couple things that

25  happen first:  (1) There has to be a notice on the web site

1    that a motion to seal has been filed.  Secondly, the motion to

2    seal should not include the sensitive information.  And third,

3    the motion to seal and the order to seal in my view shouldn't

4    be sealed.  What is sealed is the sensitive information, not

5    the request to seal it and not the order granting the motion to

6    seal.  Why?  Because the public has a right to know that I

7    heard a motion to seal, I considered it under the proper

8    standards, I granted it, so that they -- they know that

9    something has been sealed.

10         That accomplishes the defendant's purpose in having

11   the sensitive information not made available to the public, but

12   it accomplishes the purpose of providing the public with a

13   complete record.

14         Now, the other problem that we have here is that it

15   makes really good sense in my view to have such a comprehensive

16   motion and to have a simple caption, just the case number, when

17   you're sealing an indictment.  But it doesn't make a lot of

18   sense once the case has been placed on Pacer, because if you go

19   look up this case number, you're going to know what defendant

20   it involves anyway.  So having a restricted caption makes no

21   sense to me after the case has proceeded.

22         I'm open to good arguments as to why we should have a

23   reduced caption or why particular things ought to be sealed;

24   but they need to be in the context of what it is that we're

25   trying to seal.

 1          So here I'm a little puzzled as to why this case has

 2   things sealed the way it has been sealed.  Indeed, I believe it

 3   is 21 docket numbers have been sealed in this case after I

 4   denied a motion to seal.

 5          So I -- I have some real question as to what we're

 6   doing here.  I'm happy to entertain either orally or in writing

 7   an appropriate motion to seal if it pertains to the

 8   Government's motion regarding supervised release.

 9          *MR. TAYLOR:*  May I respond, your Honor?

10          *THE COURT:*  Please.

11          *MR. TAYLOR:*  Your Honor, I think -- and I must tell

12   you since I only recently came into possession of the case.

13   I'm not fully conversant with the procedural history of the

14   underlying case.  I am conversant with the procedural history

15   and the factual circumstances of the matter which we are

16   requesting that the defendant be allowed to assist the

17   Government with.  The purpose of the sealing request generally,

18   as the Court I think is aware, is to prevent public knowledge

19   that this defendant is cooperating --

20          *THE COURT:*  Precisely.

21          *MR. TAYLOR:*  -- with the Government because frankly it

22   could get him killed if that were publicly available.

23          I think the best way for me to go forward is to file a

24   motion with you explaining the predicates with appropriate

25   motion to seal that motion, a generic heading so that although

1    we can thereby comply with the Court's local rules, comply with

2    the -- or vindicate the principles, I think, underlying the

3    notion of public posting and opportunity to contest sealing,

4    that it doesn't betray the substance of the underlying motion;

5    that is the motion, that's already been filed.  So with leave

6    of court, I will do that.

7          THE COURT:  Please feel free to file a motion to seal.

8    What I ask you to do before you do it is read my order sealing,

9    which is dated September 23, 2004.

10          And Ms. Nelson, do you have a docket number for that?

11   I don't think it's in there.  That's why I'm real curious.  I

12   think that order was sealed.

13          THE COURTROOM DEPUTY:  I have a docket sheet, your

14   Honor.  That would be Docket No. 36.

15          MR. TAYLOR:  Thank you.

16          THE COURT:  Would you read that?  Because that sets

17   out what I think the objectives are here in a simple process,

18   which allows me to balance the competing interests.

19          MR. TAYLOR:  I will, your Honor.  And for the record,

20   I think the procedures in the clerk's office do adequately

21   balance those interests.  It doesn't sound to me like those

22   procedures were fully complied with by our office in this case.

23          THE COURT:  Well, I suspect that it's not your office,

24   I suspect it's our clerk's office that is used to a procedure

25   that's different than what I have said in this order.  And so

 1   please don't take any responsibility that you don't have to

 2   take.

 3        MR. TAYLOR:  My section, your Honor, my former

 4   subordinate.  It is my responsibility, so --

 5        THE COURT:  I'm open both in this case and generally

 6   speaking to exploring how we can sensibly deal with these

 7   motions both to protect the public's interest in the record and

 8   a defendant's interest in information that might jeopardize his

 9   welfare, but I'm not convinced we've reached that point in the

10   standard process yet.

11        MR. TAYLOR:  All right.  Thank you, your Honor.  I

12   appreciate it.

13        THE COURT:  Thank you.

14        All right.  Anything further we can deal with?

15        MR. TAYLOR:  Not from the Government.  Thank you, your

16   Honor.

17        THE COURT:  And Mr. Eichner, would you like a copy of

18   this motion to seal ahead of time so that you can join in it?

19   Would that --

20        MR. EICHNER:  I was just going to say for judicial

21   economy, I encourage Mr. Taylor to entitle it "Unopposed Motion

22   to Seal."

23        THE COURT:  There we go.  Thank you very much.

24        MR. EICHNER:  Thank you.

25        THE COURT:   We'll stand in recess.

1       (Recess at 10:08 a.m.)

2                           *   *   *   *   *

3                      **REPORTER'S CERTIFICATE**

4       I certify that the foregoing is a correct transcript from

5   the record of proceedings in the above-entitled matter.  Dated

6   at Denver, Colorado, this 23rd day of May, 2008.

7

8                                    *S/Paul A. Zuckerman*
                                    Paul A. Zuckerman

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25