1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE DISTRICT OF COLORADO

3    Case No. 03-cr-00023-MSK and 06-mj-01051

4    ═══════════════════════════════════════════════════

5    UNITED STATES OF AMERICA,

6         Plaintiff,

7    vs.

8    SCOTT KIMBALL, et al.,

9         Defendants.

10   ═══════════════════════════════════════════════════

11        Proceedings before CRAIG B. SHAFFER, United States

12   Magistrate Judge, United States District Court for the

13   District of Colorado, commencing at 3:42 p.m., March 27,

14   2006, in the United States Courthouse, Denver, Colorado.

15   ═══════════════════════════════════════════════════

16        WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

17   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...

18   ═══════════════════════════════════════════════════

19                    APPEARANCES

20        HABIB NASRULLAH and JUDY SMITH, Assistant United

21   States Attorneys, appearing for the government.

22        No appearance for the defendants.

23

24   ═══════════════════════════════════════════════════

25                  INITIAL APPEARANCE


AVERY/WOODS REPORTING SERVICE, INC.
455 SHERMAN STREET, SUITE 250, DENVER, CO  80203
303-825-6119      FAX 303-893-8305

```
 1                    P R O C E E D I N G S
 2              (Whereupon,  the  within  electronically  recorded
 3       proceedings  are  herein  transcribed,  pursuant  to  order  of
 4       counsel.)
 5              THE  COURT:  In  the  meantime,  let's  call  --  and,
 6       gentlemen,  I'm  sorry  to  have  to  be  rude,  but  I  have  three
 7       files  and  two  defendants.   So  it  might  help  me  if  --  Mr.
 8       Kimball?
 9              DEFENDANT  KIMBALL:  Yes,  Your  Honor.
10              THE  COURT:  And  Mr.  Johnson?
11              DEFENDANT  JOHNSON:  Yes,  sir.
12              THE  COURT:  All  right.   Let's  call  03-cr-23,  United
13       States  of  America  versus  Scott  Kimball,  and  06-mj-1051,
14       United  States  of  America  versus  Jeffrey  Johnson.   I'll  take
15       appearances  of  counsel.
16              MR.  NASRULLAH:  Good  afternoon,  Your  Honor.   Habib
17       Nasrullah,  Assistant  United  States  Attorney,  appearing  on
18       behalf  of  William  Taylor  on  the  Kimball  case.
19              MS.  SMITH:  And  Judy  Smith  appearing  on  behalf  of
20       the  government  in  U.S.  versus  Johnson.
21              THE  COURT:  All  right.   Mr.  Johnson,  Mr.  Kimball,
22       the  reason  I've  called  these  two  cases  together  is  that  I'm
23       trying  to  avoid  having  one  or  the  other  of  you  have  to  sit
24       through  this  dialogue  three  times,  so  bear  with  me  because
25       much  of  what  I  have  to  cover  applies  to  each  of  you,  so  I'll
```

1       try to save you all too much repetition.

2            Gentlemen, as I'm sure you both know, having heard

3       my discussion with Mr. Sotelo, this is the United States

4       District Court for the District of Colorado.  You are both

5       here -- although under slightly different circumstances, you

6       are both here for an initial appearance.  Now, the first

7       thing I have to explain is that you have certain rights as

8       a defendant.  I'm sure you're aware of those rights, but let

9       me repeat them.

10           You both have the right to remain silent.  Under

11      the United States Constitution, no one can force you to

12      testify against yourself, that's the right against self-

13      incrimination.  It's guaranteed to each of you by the Fifth

14      Amendment to the United States Constitution.  Now, if you

15      give up that right, anything you say may be used by the

16      government in prosecuting your case.  Also, if you give up

17      the right either today or at some future time, the Court

18      could determine that you've lost the right for all purposes

19      relating to your case.  Once it's gone, it could be

20      effectively gone.

21           Now, don't volunteer any information about the

22      allegations in your case, because if you did that you'd be

23      waiving your right to remain silent.  Do you both

24      understand?

25           DEFENDANT KIMBALL: Yes, Your Honor.

1          THE COURT: All right.  The next right you have is
2     you each have the right to be represented by an attorney.
3     You can go out and hire your own attorney if you want.
4     Obviously, that attorney you would select.  That attorney
5     would represent you throughout your case but at your
6     expense.  If you can't afford counsel and if I'm satisfied
7     that you meet certain financial guidelines, I can appoint a
8     lawyer for you.  Now, the lawyer I appoint would represent
9     you at no cost, the government would pay for that lawyer
10    throughout the prosecution of your case.  Do you both
11    understand your right to be represented by counsel?
12          DEFENDANT KIMBALL: Yes, Your Honor.
13          DEFENDANT JOHNSON: Yes, sir.
14          THE COURT: Now, Mr. Kimball, I have a financial
15    affidavit.  It appears to have your name on it.  Did you
16    sign this form today?
17          DEFENDANT KIMBALL: Yes, I did, Your Honor.
18          THE COURT: And you read it over before you signed
19    it?
20          DEFENDANT KIMBALL: Yes, I did.
21          THE COURT: And is all of this information correct?
22          DEFENDANT KIMBALL: Yes, Your Honor.
23          THE COURT: All right.  Mr. Kimball, based upon
24    what I see here, it appears that you qualify for court-
25    appointed counsel, and I'll go ahead and appoint an attorney

5

1   for you.  Our records that at one time you were represented

2   by Ken Eichner.

3          DEFENDANT KIMBALL: Yes, Your Honor.  He was a

4   court-appointed CJA.

5          THE COURT: Now, would you like me to reappoint Mr.

6   Eichner or --

7          DEFENDANT KIMBALL: Yes, I would.

8          THE COURT: All right.  Nell, we'll go ahead and

9   reappoint Mr. Eichner to represent Mr. Kimball in this case.

10  And again, obviously, Mr. Eichner will represent you at no

11  cost to you.

12         Now, Mr. Johnson, do you plan to hire an attorney

13  or would you like court-appointed counsel?

14         DEFENDANT JOHNSON: As of right now, court

15  appointed.

16         THE COURT: Okay.  Mr. Warren (sic), I'm sure you

17  can anticipate my next question.  Did you sign this

18  financial affidavit?

19         DEFENDANT JOHNSON: I did.

20         THE COURT: And is all of this information correct?

21         DEFENDANT JOHNSON: Yes, Your Honor.

22         THE COURT: And you read over the form before you

23  signed it?

24         DEFENDANT JOHNSON: Yes.

25         THE COURT: All right.  I find that Mr. Johnson

1    qualifies for court-appointed counsel.  At this time, it

2    would be my intention to appoint the federal public defender

3    service.

4            MS. SMITH: Your Honor, the government anticipates

5    there would be a conflict with the public defender's office

6    based on another unindicted co-conspirator, and he is under

7    complaint, however, and has been appointed a federal public

8    defender.

9            THE COURT: Okay.  Mr. Johnson, I appreciate Ms.

10   Smith giving me that additional information.  It's important

11   because you're entitled to be represented by an attorney

12   who's only loyalty is to you.

13           DEFENDANT JOHNSON: Right.

14           THE COURT: An attorney who has no other conflicts.

15   To ensure that you get conflict-free representation, we will

16   appoint an attorney from the Criminal Justice Act panel to

17   represent you.   That's a panel of attorneys who are

18   qualified to represent defendants here in federal court.

19           DEFENDANT JOHNSON: Okay.

20           THE COURT: One of those attorneys will represent

21   you at no cost to you, all right?

22           DEFENDANT JOHNSON: Yes, sir.

23           THE COURT: Now, getting back to 03-cr-23.  Mr.

24   Kimball, in your case the government is alleging violations

25   of supervised release.  Do you have a copy of that petition?

1          DEFENDANT KIMBALL: Yes, Your Honor, I have read

2     it.

3          THE COURT: You will notice that the government's

4     alleging one or more violations of supervised release, which

5     means that in your case what I have to have is a preliminary

6     hearing under Rule 32.1.  Now, the purpose of that hearing

7     is for the government to come forward with some evidence

8     from which I could conclude that there is reason to believe

9     you violated one or more conditions of supervised release.

10    If the government establishes probable cause, then your case

11    would be referred to the district court for revocation

12    proceedings.  If the government doesn't establish probable

13    cause, then that would end the matter right there.

14         Now, we can't have a preliminary hearing under

15    Rule 32.1 today because you don't have your counsel present

16    and you're entitled to be represented by counsel at the

17    preliminary hearing.  I'm going to have to give you time to

18    meet with Mr. Eichner to prepare for that hearing.

19         Now, in the meantime, is the government seeking

20    detention in this case?

21         MR. NASRULLAH: It is, Your Honor.

22         THE COURT: All right.  Mr. Kimball, as you just

23    heard Mr. Nasrullah indicate, the government is seeking a

24    detention order.  The government is asking that you be held

25    in custody pending a resolution of this matter.  The fact

1    that the government is asking for detention does not
2    necessarily mean that I'm going to order detention, but what
3    it does mean is that I have to have a hearing.

4         Now, I can't have that hearing today for two
5    reasons.  First of all, the government is entitled by law to
6    a three-day continuance.  The earliest that I could have the
7    hearing in your case would be Mon' -- Thursday, March 30th.
8    That's the earliest that I could have a detention hearing.
9    The other consideration obviously is I can't have a
10   detention hearing today because you don't have a lawyer
11   present and you're entitled to be represented by counsel at
12   that detention hearing.

13        I'm going to have to continue your case to give
14   you time to meet with your attorney to prepare for a Rule
15   32.1 preliminary hearing and also prepare for a detention
16   hearing.  Until I can do those things, however, you'll have
17   to remain in custody.  Do you understand?

18        DEFENDANT KIMBALL: Yes, Your Honor.

19        THE COURT: Any questions at all?

20        DEFENDANT KIMBALL: Yes, will Mr. Eichner be
21   notified of the --

22        THE COURT: What will happen is the clerk's office
23   will issue an order appointing Mr. Eichner to represent you.
24   Mr. Eichner will I'm sure get in touch with you before
25   you're back in court next Thursday, or this coming Thursday,

1       okay?

2                   DEFENDANT KIMBALL: Yes, Your Honor.  So we'll

3       handle both hearings at the same time?

4                   THE COURT: At the same time, right.

5                   DEFENDANT KIMBALL: Thank you.

6                   THE COURT: Any other questions?

7                   DEFENDANT KIMBALL: No, Your Honor.

8                   THE COURT: You're sure?

9                   DEFENDANT KIMBALL: Yes.

10                  THE COURT: All right.  Then I will continue this

11      matter then until Thursday, April -- I mean, Thursday, March

12      30.  Nell, at what time?

13                  THE CLERK: I've got 10.

14                  THE COURT: 10 o'clock.  Is that going to work?

15                  MR. NASRULLAH: Yes, sir.

16                  THE COURT: All right.  Mr. Kimball, I'm going to

17      continue your case then until Thursday, March 30 at 10

18      o'clock.  In the meantime, I'll remand you back to the

19      custody of the United States marshals.

20                  THE COURT: Now, Mr. Johnson, you are here under

21      different  circumstances.   You  are  here  because  the

22      government has named you in a criminal complaint.  Do you

23      have a copy of the criminal complaint?

24                  DEFENDANT JOHNSON: Yes.

25                  THE COURT: Now, Mr. Johnson, if you go through the

1    criminal complaint, you'll notice that the criminal

2    complaint alleges three separate violations.  The government

3    is alleging a violation of 26 United States Code Sections

4    5861 and 5871.  Specifically, the government is alleging

5    that you were in possession of an unregistered short

6    shotgun.  The government is also alleging a violation of 21

7    United States Code Section 841, alleging that you were in

8    possession with intent to distribute a controlled substance,

9    specifically methamphetamine.  And finally, the government

10   is alleging under 21 United States Code Section 841 another

11   possession with intent to distribute a controlled substance.

12        Now, you need to understand that for purposes of

13   Count 1, that's the shotgun count, the maximum penalty under

14   the law is not more than ten years imprisonment, a fine of

15   $250,00, or both, not more than three years supervised

16   release, and a $100 special assessment fee.  The penalties

17   for the two possession counts, the penalties in those are

18   the same, which are not less than five years and not more

19   than 40 years imprisonment, a fine of $2 million, or both,

20   not less than four years supervised release, and a special

21   assessment fee of $100.  That's per count.  Do you

22   understand?

23        DEFENDANT JOHNSON: Yes, Your Honor.

24        THE COURT: Okay.  Do you understand the charges

25   and the penalties that apply in your case?

1          DEFENDANT JOHNSON: Yes, I do.

2          THE COURT: All right.  Now, Mr. Johnson, because

3    the government is proceeding by criminal complaint, what I

4    have to have in your case is a preliminary hearing under

5    Rule 5.  Now, the purpose of that preliminary hearing is for

6    the government to come forward with evidence sufficient to

7    establish probable cause, which again is nothing more than

8    evidence to indicate that the offenses alleged in the

9    complaint occurred and evidence to suggest that you are the

10   person who committed that offense.  It's not proof beyond a

11   reasonable doubt, it's simply probable cause.

12         Now, if the government meets their burden of

13   establishing probable cause, then I would refer this case to

14   the district court for further proceedings.   If the

15   government doesn't establish probable cause as to any of

16   these counts, then those counts would be dismissed.  Do you

17   understand?

18         DEFENDANT JOHNSON: Yes, Your Honor.

19         THE COURT: We can't have the preliminary hearing

20   today because, again, you don't have an attorney present.

21   I'm going to have to continue your case to give you time to

22   meet with your attorney.

23         I'm assuming, Ms. Smith, the government is seeking

24   detention.

25         MS. SMITH: It is, Your Honor.

1         THE COURT: Mr. Johnson, as you just heard Ms.

2    Smith indicate, the government is seeking a detention order,

3    which means that we will have to continue your case until

4    Thursday, March 30th.   At that time, we will have a

5    preliminary hearing under Rule 5 and a detention hearing.

6    Until I can do that, however, you'll remain in custody.   Do

7    you have any questions?

8         DEFENDANT SMITH: (No audible response).

9         THE COURT: You're sure?

10         DEFENDANT SMITH: (No audible response).

11         THE COURT: Nell?

12         THE CLERK: March 30th at 1:30?

13         THE COURT: At 1:30?   Okay.   I will continue Mr.

14    Johnson's case then until March 30, Thursday, at 1:30.   At

15    that time, he will be back here with counsel, and we will

16    have a preliminary hearing and a detention hearing.   In the

17    meantime, I remand him back to the custody of the United

18    States Marshal.

19         Mr. Kimball?

20         DEFENDANT KIMBALL: Yes, Your Honor, I had a

21    question for you.

22         THE COURT: Sure.

23         DEFENDANT KIMBALL: I didn't hear -- could you tell

24    me what the maximum punishment I would -- could receive for

25    my probation violation, Your Honor?

1              THE COURT: If it was supervised release?

2              DEFENDANT KIMBALL: Yes.

3              THE   COURT:   The   Court   could   simply   --   well,

4     actually, it's a fair question.  I'm not sure I can answer

5     that.  Mr. Nasrullah?

6              MR. NASRULLAH: Your Honor, I can't answer it

7     without knowing his criminal history --

8              THE COURT: Yes.

9              MS. NASRULLAH: -- and  I don't know that.

10             THE COURT: Essentially what they could do is give

11    you some term based upon your criminal history.

12             DEFENDANT KIMBALL: I believe my criminal history

13    is four.  I was just wondering if there was like a maximum

14    that was allowed by --

15             MS. NASRULLAH: It's a combination of the violation

16    grade and the criminal history, so I don't know what it is

17    off the top of my head.  I could look it up if someone's

18    got a --

19             THE COURT: Well, I'll tell you, what I would

20    suggest is that's a question to ask your counsel and if your

21    counsel can't answer it, I'm sure by the time I see Mr.

22    Nasrullah he'll be able to answer it then.

23             DEFENDANT KIMBALL: Thank you, Your Honor.

24             THE   COURT:   Okay?   Any   other   questions,   Mr.

25    Kimball?

1          DEFENDANT KIMBALL: (No audible response).

2          THE COURT: Mr. Johnson?

3          DEFENDANT JOHNSON: No, sir.

4          THE COURT: All right.  I'll remand Mr. Kimball and

5     Mr. Johnson back to the custody of the United States

6     marshals.

7

8          (Whereupon, the within hearing was then in

9     conclusion at 1:58 p.m. on March 27, 2006.)

10

11          I certify that the foregoing is a correct

12     transcript, to the best of my knowledge and belief, from the

13     record of proceedings in the above-entitled matter.

14

15          Bonnie Nikolas                June 5, 2008

16          Signature of Transcriber              Date

17

18

19

20

21

22

23

24

25