```
                                                                    1

 1                  IN THE UNITED STATES DISTRICT COURT
 2                     FOR THE DISTRICT OF COLORADO
 3     Case No. 03-cr-00023
 4     ═══════════════════════════════════════════════════════════════
 5     UNITED STATES OF AMERICA,
 6            Plaintiff,
 7     vs.
 8     SCOTT LEE KIMBALL,
 9            Defendant.
10     ═══════════════════════════════════════════════════════════════
11            Proceedings before CRAIG B. SHAFFER, United States
12     Magistrate Judge, United States District Court for the
13     District of Colorado, commencing at 10:11 a.m., March 30,
14     2006, in the United States Courthouse, Denver, Colorado.
15     ═══════════════════════════════════════════════════════════════
16            WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
17     ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED...
18     ═══════════════════════════════════════════════════════════════
19                              APPEARANCES
20            WILLIAM TAYLOR and A.J. MENENDEZ, Assistant United
21     States Attorneys, appearing for the government.
22            ROBERT BERGER, Attorney at Law, appearing for the
23     defendant.
24     ═══════════════════════════════════════════════════════════════
25                     PRELIMINARY/DETENTION HEARING
```

```
 1                    P R O C E E D I N G S
 2              (Whereupon, the within electronically recorded
 3   proceedings are herein transcribed, pursuant to order of
 4   counsel.)
 5              THE CLERK: (recording starts) ... versus Scott Lee
 6   Kimball.  I'll take appearances of counsel.
 7              MR. TAYLOR: Good morning, Your Honor.  William
 8   Taylor, Assistant U.S. Attorney for the government, ably
 9   assisted by M.J. Menendez.
10              MR. BERGER: Robert Berger.  I was appointed
11   yesterday to represent Mr. Kimball.  His prior appointed
12   counsel could not appear for reasons I don't know.  And Mr.
13   Kimball is present in custody.  We have signed the waiver of
14   preliminary hearing, and we've talked about the government's
15   request for detention.  I know that the probation officer is
16   also recommending detention, and at this stage Mr. Kimball
17   does not contest that.
18              THE COURT: Okay.  Mr. Kimball, I appreciate all
19   the information Mr. Berger has provided.  It makes my job a
20   little easier, but I want to make certain just so the record
21   is clear.  You understand that we were here today or we are
22   here today for two purposes.
23              THE DEFENDANT: Yes, Your Honor.
24              THE COURT: You are entitled to a preliminary
25   hearing under Rule 32.1.  We're also here for a detention
```

1   hearing.  Now, taking the matters up in that order, the
2   government is required under Rule 32.1 to come forward with
3   evidence of probable cause, reason to believe that you
4   violated one or more conditions of supervised release.  If
5   the government meets that probable cause standard, then this
6   matter would be referred to the district court for
7   revocation proceedings.  If the government failed to meet
8   its burden of proof, then the matter would end right at that
9   moment.  Do you understand that?
10          THE DEFENDANT: Yes, Your Honor.
11          THE COURT: This preliminary hearing is designed to
12  protect your rights.  Now, you can waive your right to a
13  preliminary hearing under Rule 32.1, but I want to make
14  certain that you're doing so knowingly and voluntarily.
15  I've received a waiver form.  This waiver form indicates
16  that you wish to give up your right to a preliminary
17  hearing.  Is  that still the case?
18          THE DEFENDANT: Yes, Your Honor.  I don't want to
19  waste this Court's time.
20          THE COURT: All right. Don't worry.  You know, if
21  you weren't wasting my time, somebody else would be wasting
22  my time, so it's -- don't feel at all apologetic.  In fact,
23  they've got a whole line of people coming in today, so don't
24  worry about it.  I want -- I just want to make certain that
25  you're doing this understanding that this is a procedure

```
 1     really designed to protect your rights.
 2              THE DEFENDANT:  Yes, Your Honor, I understand.
 3              THE COURT:  All right.  And you've had sufficient
 4     time to discuss this with Mr. Berger?
 5              THE DEFENDANT:  Yes, I have.
 6              THE COURT:  All right.  I'm going to find that Mr.
 7     Kimball has knowingly and voluntarily waived his right to a
 8     preliminary hearing under Rule 32.1, and I will accept that
 9     waiver.
10              Now, Mr. Berger also has advised me that you are
11     not contesting the government's request for detention.
12              THE DEFENDANT:  That's correct, Your Honor.
13              THE COURT:  Okay.  Now, you should understand that
14     just because the government's asking for detention doesn't
15     necessarily mean that that request is going to be granted.
16     At a minimum, you would be entitled to present any
17     information you want on the question of detention.  I will
18     concede that under the statute, at this point in the
19     proceeding, the burden would be on you, but you would have
20     the opportunity at a detention hearing to present evidence
21     for me to consider.  As I understand it, you wish to give up
22     that opportunity?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  And you are not contesting the
25     government's request for detention?
```

1        THE DEFENDANT: No, Your Honor.

2        THE COURT: All right.  Well, let me state for the
3   record that I will take judicial notice of the information
4   contained in the petition for violation of supervised
5   release.  I will take judicial notice of that information
6   particularly in view of the defendant's decision to waive
7   his right to a preliminary hearing.  Based upon the
8   information in this petition, I find at this time there is
9   no combination of conditions that I could set that would
10  reasonably assure Mr. Kimball's appearance for further
11  proceedings.  In particular, I note that there are
12  allegations that Mr. Kimball has failed to report to the
13  supervising officer, and, more importantly, that Mr. Kimball
14  left the District of Colorado without permission.

15       Accepting those allegations at face value, I have
16  to conclude, Mr. Kimball, that there's just no condition
17  that I could set --

18       THE DEFENDANT: Yes, Your Honor.

19       THE COURT: -- that would reasonably assure your
20  appearance, and on that basis I will remand Mr. Kimball back
21  to the custody of the United States marshals, direct that he
22  be held in custody, to be returned to court for a revocation
23  hearing which will be set by the district court, and I
24  guess, counsel, you'll need to go see -- this is in front of
25  Judge --

6

```
 1             MR. TAYLOR: Krieger, Your Honor.
 2             THE COURT: You'll have to go see Judge Krieger to
 3   get a revocation date.
 4             MR. TAYLOR: Thank you, Your Honor.
 5             THE COURT: Thank you.
 6
 7             (Whereupon, the within hearing was then in
 8   conclusion at 10:18 a.m. on March 30, 2006.)
 9
10             I certify that the foregoing is a correct
11   transcript, to the best of my knowledge and belief, from the
12   record of proceedings in the above-entitled matter.
13
14        Bonnie Nikolas                         June 5, 2008
15        Signature of Transcriber                  Date
16
17
18
19
20
21
22
23
24
25
```